UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


NORVELL ANDREW                                                                    PLAINTIFF


V.                                                        CIVIL ACTION NO. 3:13-cv-1042-FKB


MANAGEMENT & TRAINING CORPORATION, ET AL.                        DEFENDANTS


<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on Plaintiff's Motion to Compel [33], Motion to Appoint

Counsel [49], and Motion for Settlement [50], as well as Defendants' Motion for Summary

Judgment [46].  Having considered the entire record in this matter, the Court concludes that

Plaintiff's motions are not well-taken and are denied.  Defendants' motion is well-taken and is

hereby granted.

FACTS AND PROCEDURAL HISTORY

Plaintiff is a state inmate who was formerly housed at East Mississippi Correctional

Facility (EMCF) in Meridian, Mississippi.  On December 18, 2014, the Court held an omnibus

hearing during which the Court questioned Plaintiff concerning his claims and addressed other

case management issues.  At the hearing, all parties consented to the undersigned hearing this

case in its entirety.

Plaintiff's claims, as clarified at the omnibus hearing, are as follows.  Plaintiff alleges

that  he was assaulted by Defendant Lieutenant Mason, a guard at EMCF, while being

transferred

1

from one cell to another.  He claims that Defendant Mason choked him, put his knee in

Plaintiff's back, slammed him to the floor, bruised his face and throat, scratched his

face, and broke his pinky finger.  Plaintiff claims that he was then denied medical treatment.

Plaintiff alleges that he can no longer straighten his pinky finger.

At the omnibus hearing, the undersigned explained to Plaintiff that neither Defendant

Mason nor Defendant Dr. Faulks had been served with process and that it was Plaintiff's

responsibility to ensure that they were served.  [46-1] at 13-15.  In an effort to aid Plaintiff, the

Court instructed defense counsel to provide the last known addresses of these two Defendants to

the Court under seal.  [36].  Defense counsel complied with the Court's Order and process was

reissued, though the United States Marshal could not locate either Defendant at the addresses

provided.  [43].

Over a year and a half has passed since the filing of this lawsuit.  Yet, neither Defendant

has been served despite the Court's warning to Plaintiff of his duty to serve these Defendants.

Accordingly, the Court  hereby dismisses the claims against Defendant Mason and Defendant

Faulks without prejudice for Plaintiff's failure to prosecute. Fed. R. Civ. P. 4(m).  The

remaining Defendants are Management & Training Corporation ("MTC") and Jerry Buscher.

PLAINTIFF'S MOTIONS

Plaintiff moved to compel Defendants to provide a copy of the videotape of the alleged

altercation with Defendant Mason, copies of Plaintiff's medical records, and copies of all

"ARPs"[1] regarding Defendant Mason. [33].  Defendants responded to the motion and indicated

---

[1]ARPs are grievances filed pursuant to the facility's Administrative Remedy Program
("ARP").

that they had no video. [39].  Defendants produced Plaintiff's medical records, but objected to Plaintiff's request for copies of all ARPs concerning Defendant Mason.  [39].  Given the Court's conclusion, discussed *infra,* that Plaintiff failed to exhaust administrative remedies with respect to his excessive force claim, Plaintiff's motion to compel is denied.

Plaintiff's motion for counsel [49] is also denied.  There is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915.  *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Salmon v.Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990).  Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding *in forma pauperis*; it does not authorize the Court to make coercive appointments of counsel.  *See Mallard v. U.S. Dist. Ct. for the Southern Dist. of Iowa*, 490 U.S. 296, 310, 109 S.Ct. 1814, 1823, 104 L.Ed.2d 318 (1989).  Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel.  *See Salmon*, 911 F.2d at 1166; *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances.  *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson Cnty.Comm'r Court*, 778 F.2d 250, 253 (5th Cir. 1985); and *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations:  (1) the type and complexity of the case and (2) the abilities of the individual bringing it.  *See Freeze*, 849 F.2d at 175; *Good*, 823 F.2d at 66; *Feist*, 778 F.2d at 253; and *Ulmer*, 691 F.2d at 212.  The

United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to Plaintiff, but also possibly to the court and Defendants, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock Cnty., Texas*, 929 F.2d 1078, 1084 (5th Cir.1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist*, 778 F.2d at 253; and *Ulmer*, 691 F.2d at 213.

This Court is given considerable discretion in determining whether to appoint counsel. *Ulmer*, 691 F.2d at 211.  The Court does not find Plaintiff's case to be particularly complex, and his filings have demonstrated that he can effectively communicate with the Court.  The Court does not find the presence of "exceptional circumstances." Accordingly, Plaintiff's motion is denied.

Plaintiff also filed a "Motion to Settle" [50], which includes his settlement demand.  This motion is denied as well.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

*1.*     ***Excessive Force Claim***

Defendants have moved to dismiss Plaintiff's excessive force claim for failure to exhaust. The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first

exhaust his available administrative remedies.  *Booth v. Churner*, 532 U.S. 731, 739 (2001).

Exhaustion is no longer left to the discretion of the district court, but is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion."  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).  It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion.  *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages.  *Id.*  Moreover, exhaustion after suit has been filed is not sufficient.  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

In support of their motion, Defendants filed the Affidavit of Mary Dempsey, Administrative Remedy Coordinator at EMCF. [46-5].  According to the facility records, Plaintiff submitted an ARP indicating that he had not received x-rays or pain medicine for a broken finger.  Plaintiff completed the ARP process with respect to his denial of medical care claim when he received a second step response to that grievance.  *Id.* at 1.  The facility has no record of any grievance concerning the alleged altercation with Defendant Mason.  *Id.* at 2.  In response to Defendants' motion, Plaintiff states that he did exhaust administrative remedies and references ARPs attached to his complaint.  [51].  Attached to Plaintiff's complaint, however, are first and second step responses concerning his request for medical treatment for his pinky finger. [1] at 5-7.  Accordingly, the Court finds that Plaintiff did not exhaust with respect to his excessive force claim and therefore that claim must be dismissed without prejudice.

5

As the *Gonzalez* Court noted:

> ...  District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez*, 702 F.3d at 788.

**2.     *Denial of Medical Care Claim***

   *a. MTC*

Plaintiff may not prevail against MTC unless he can demonstrate that a policy, custom or practice of MTC was the "moving force" behind the alleged constitutional violation.  *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).  The Eighth Amendment prohibition of cruel and unusual punishment protects prisoners from deliberate indifference to their serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976).  Plaintiff, however, has demonstrated neither a violation of this right nor identified any policy or custom which he alleges violated his constitutional rights.

Plaintiff does not allege that he was denied treatment or surgery because of any custom or policy of MTC.  Instead, Plaintiff merely asserts that he informed someone who was an MTC Vice President that he needed treatment for his finger, and the one and one-half month delay before he received an x-ray violated his constitutional rights.  Absent a custom or policy of MTC that Plaintiff identifies as being the "moving force" behind a violation of his constitutional rights, Plaintiff has failed to state a claim.  *Monell*, 436 U.S. at 694.  Plaintiff has failed to identify such a custom or policy.  Accordingly, Plaintiff's claims against MTC should be dismissed.

      *b.    Defendant Buscher*

Plaintiff may not prevail against Defendant Buscher, the former EMCF warden, unless he can demonstrate that Buscher's own actions resulted in a violation of Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Insofar as the denial of medical care claim is concerned, Plaintiff testified during the omnibus hearing that he sued Warden Buscher because:

> He came around on several different occasions and I told him that I was in pain or my finger was broken, what have you, and he did nothing still. I asked him about going to sick call or what-have-you, and he continued to say that he would do it but I would have to fill out a sick call. So I filled out the sick calls and it still took a month and a half, almost two months before I received any type of medical treatment. Through his actions, Warden Buscher was deliberately indifferent.

[46-1] at 13-14. These allegations are insufficient to establish or raise a genuine issue of material fact as to whether Defendant Buscher was deliberately indifferent to a serious medical need. Defendant Buscher advised Plaintiff of the process to receive medical treatment. Defendant Buscher was not a medical provider. Plaintiff has not shown that Buscher "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

CONCLUSION

Based on the foregoing, Plaintiff's excessive force claim is dismissed without prejudice, as are all claims against Defendants Mason and Faulks. Plaintiff's denial of medical attention claim as to MTC and Defendant Buscher is denied with prejudice. Plaintiff's motions [33, 49

7

and 50] are denied.  Defendants' motion [46] is granted.

SO ORDERED, this the 2nd day of June, 2015.


/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE